IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HENCO ENERGY-RICK HENDRIX ENERGY, LLC )
and DR. RICHARD HENDRIX )
)
v. ) NO. 3:22-0603
) Campbell/Holmes
POWER RENTAL SOLUTIONS, LLC, f/k/a ERS )
Rental Solutions, LLC; DISTRIBUTED POWER )
SOLUTIONS, LLC; RICH FLYNN; SCOTT MILLIGAN; )
KEN JOHNSON; and ROBERT SAFI )

**ORDER TO SHOW CAUSE**

Following admission of attorney Diogu Kalu Diogu II to the bar of this Court, upon application in which he stated that he had not been reprimanded, censured, or disciplined by a federal or state court of record, other judicial or quasi-judicial tribunal, or a board of disciplinary authority or similar body, it came to the attention of the Court that Mr. Diogu was the subject of disciplinary proceedings in Texas (the outcome of which is unknown) and has also previously been sanctioned and declared a vexatious litigant in prior litigation. The general details of these prior matters with supporting court orders and administrative tribunal proceedings were made part of the record in Mr. Diogu's bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, *In re Diogu Kalu Diogu II*, Bankruptcy Case No. 21-33581 (TXSB).[1] Specifically, but without limitation, it appears that:

---

[1] Audio hearings in the bankruptcy case also include a statement by the Bankruptcy Judge that Mr. Diogu and his attorney lied during the hearing on the Chapter 13 Trustee's motion to convert Mr. Diogu's bankruptcy case to one under Chapter 7 of the Bankruptcy Code. However, that statement is not expressly reflected in any order.

1. By order of the Fort Bend County, Texas District Court entered on May 12, 2014, in Case No. 13-DCV-204732 , sanctions totaling more than $35,000, including punitive damages, were imposed against Mr. Diogu for his conduct in his personal divorce. (Docket No. 71-14.)[2]

2. A final judgment of the Fort Bend County, Texas District Court entered against Mr. Diogu on September 21, 2018, in Case No. 18-DCV-251076, included more than $55,000 in attorneys' fees sanctions against Mr. Diogu for conduct that was found to have been bad faith and/or for the purpose of harassment, without sufficient cause and in furtherance of dilatory tactics to unnecessarily delay further legal proceedings, and an additional sanction of $105,706 was imposed as permitted by applicable Texas rules to deter Mr. Diogu from bringing similar actions. (Docket No. 71-2.)

3. A disciplinary petition was brought against Mr. Diogu by the Texas Commission for Lawyer Discipline in the Fort Bend County, Texas District Court under Case No. 21-DCV-279744, alleging that Mr. Diogu violated Rules 3.01, 3.02, 3.03(a)(1) and (5), 3.03(b), and 8.04(a)(3) of the Texas Rules of Disciplinary Procedure, including by making false declarations under penalty of perjury and filing of a forged signature in a contingent fee agreement. (Docket No. 71-9.)

4. By order of the Fort Bend County, Texas District Court entered on July 15, 2021, in Case No. 21-DCV-280847, Mr. Diogu was declared a vexatious litigant under applicable Texas rules and ordered to furnish security in the amount of $30,000 to assure payment of adverse party's litigation costs. (Docket No. 71-8.)

---

[2] Unless otherwise noted, all docket numbers refer to entries on the docket in, *In re Diogu Kalu Diogu II*, Bankruptcy Case No. 21-33581 (TXSB).

None of this prior history was disclosed by Mr. Diogu in his application for admission to the Court. In fact, Mr. Diogu stated that he had never been the prior subject of any such proceedings or orders.

Accordingly, Mr. Diogu must, by no later than **December 19, 2022**, show cause why his admission to the bar of this Court should not be revoked and other appropriate action taken for non-disclosure of the matters described above.

Additionally, Plaintiffs' local counsel, Peter Robison, must participate in the initial case management conference presently scheduled for November 30, 2022.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge