IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HENCO ENERGY-RICK HENDRIX ENERGY, LLC *et al.* | ) ) ) Case No. 3:22-cv-00603 |
| v. | ) Judge Campbell ) Magistrate Judge Holmes ) |
| POWER RENTAL SOLUTIONS, LLC *et al.* | ) |

**O R D E R**

Pending before the Court are two emergency motions filed by attorney Diogu Kalu Diogu, II, who is counsel of record for Plaintiffs, to continue a scheduled March 22 hearing and for other relief. (Docket Nos. 47 and 48.)[1] For the reasons discussed below, the request that this matter be referred to a District Judge (Docket No. 47) is DENIED and the March 22 show cause hearing will be rescheduled, so to that limited extent, the motion for continuance is GRANTED. The other requested relief (and full resolution of Docket No. 48) is addressed by separate order(s).

Regarding Mr. Diogu's request that this matter be "referred back to the Presiding Judge and Chief Judge of this district," (Docket No. 47 at 2), that request is not properly before the Magistrate Judge. If Mr. Diogu believes that he has a reasonable, good faith basis to seek withdrawal of the reference to the Magistrate Judge that was made pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket No. 5), he may seek appropriate relief by a motion directed to the District Judge. Until such time as there is a modification or withdrawal of the Court's order of reference (*id*.), this matter shall proceed before the Magistrate Judge.

---

[1] Plaintiff's local counsel did not sign the motions and represented to the Court during an in-person proceeding on March 22, 2023 that he was not aware of the existence of the motions until after they were filed by Mr. Diogu. In the two motions, Mr. Diogu also asks (1) for the undersigned's recusal and (2) to seal the Court's November 28 show cause order. (Docket Nos. 47, 48.) This additional relief is addressed by separate order.

The current proceeding stems from this Court's November 28, 2022 Order to Show Cause, in which the Court stated that it had become aware of information from which it appeared that Mr. Diogu "was the subject of disciplinary proceedings in Texas (the outcome of which is unknown) and has also previously been sanctioned and declared a vexatious litigant in prior litigation." (Docket No. 33 at 1.) This information came to the Court's attention during the pendency of this case following admission of Mr. Diogu to the bar of this Court. In his application, Mr. Diogu stated that he had not been reprimanded, censured, or disciplined by a federal or state court of record, other judicial or quasi-judicial tribunal, or a board of disciplinary authority or similar body. (*Id.*) However, public filings from Mr. Diogu's bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, *In re Diogu Kalu Diogu II*, Bankruptcy Case No. 21-33581 (TXSB), indicated otherwise and suggested that Mr. Diogu failed to disclose pertinent information to this Court when applying for admission. (*Id.*) These public filings included court orders, judgments, and disciplinary petitions that were filed in or issued by various judicial bodies in the State of Texas (the "Texas proceedings").

On December 19, 2022, Mr. Diogu filed a response to the Order to Show Cause. (Docket No. 39.) In this response, Mr. Diogu "apologize[d] for not disclos[ing] the items the court listed in the show cause order" and stated the failure to do so was "unintentional." (*Id.* at 1.) Mr. Diogu also provided information and arguments related to several of the items included in the Court's Order to Show Cause and attached several exhibits. (*Id.*; Docket Nos. 39-1 to 39-10.)

On February 8, 2023, this Court issued an order setting an in-person hearing on March 22, 2023, at 11:00 a.m. (CDT), for the Court to:

> consider whether Mr. Diogu should remain a member of the bar of this Court. Mr. Diogu must appear and be prepared to offer evidence, including his testimony under oath, of the circumstances and status of each of the undisclosed matters described in the November 28 Order, as well as any other disciplinary actions or sanctions by

2

any other courts, administrative bodies, or other tribunals against Mr. Diogu that were not disclosed on his application for admission to the bar of this Court.

(Docket No. 45.)

On March 21, 2023, at approximately 5:30 p.m. (CDT), Mr. Diogu filed his first emergency motion for a continuance and other relief, in which he asked that the March 22 hearing be moved. (Docket No. 47.) He also requested that the undersigned recuse herself from this matter and that the November 28 show cause order be placed under seal. (*Id.*) The stated bases of Mr. Diogu's motion were two previously scheduled felony criminal settings in state court that ostensibly conflicted with the March 22 show cause hearing. (*Id.* at 1.) Mr. Diogu appended email notices about the criminal court settings to his motion. (Docket Nos. 47-1 and 47-2.) The next morning, on March 22, 2023, at approximately 10:02 a.m. (CDT), less than one hour before the scheduled hearing, Mr. Diogu filed a second emergency motion to continue. (Docket No. 48.) The second motion appears to be identical to the first motion, except that the second motion includes a corrected certificate of service.[2] The second motion still recites that there are two conflicting criminal settings in state court but refers to three appended exhibits, the additional one of which is not a notice of a third criminal case setting but of a summary judgment hearing in a civil case in state court. (Docket No. 48-2.)

Because of the importance of the show cause hearing, and because Mr. Diogu failed to appear, the Court will reschedule the show cause hearing, notwithstanding the untimeliness of Mr. Diogu's request. To be clear, the Court is rescheduling the March 22 show cause hearing based on its inherent authority to manage its own dockets and because of the important issues involved for

---

[2] Presumably the second motion was filed to address the Clerk's notice of March 22, 2023 that the certificate of service of Mr. Diogu's earlier filing (Docket No. 47) did not conform to the Court's local rules.

which Mr. Diogu will be given an additional opportunity to appear and explain, not because of Mr. Diogu's motion for a continuance. First, the motion does not comply with Local Rule 7.01, because there is no certification in the motion that the requested continuance was discussed with opposing counsel in this case as required by Local Rule 7.01(a)(1).

Additionally, from the exhibits attached to the original motion (Docket No. 47) and the subsequent motion (Docket No. 48), it appears that Mr. Diogu had three days or more notice of each of the proceedings for which he claims a conflict with the March 22 show cause hearing. Further, a careful reading of the emails suggests that they might have been or were reminders of prior settings. The email appended as Exhibit 1 (Docket No. 47-1) appears to be a docket call type notice, for which it is not clear how long the cases have been pending or when notice of the March 22 setting was first given. The email appended as Exhibit 2 (Docket No. 47-2) is a "Docket Reminder," which suggests an earlier setting. Even giving Mr. Diogu the benefit of the doubt about whether he had earlier knowledge of the criminal court settings, the emails were sent to Mr. Diogu on March 20, 2023, which allowed for the filing of a more timely request for a continuance of the March 22 show cause hearing.[3] Moreover, it appears that one of the conflicting matters on March 22 was scheduled for 9:00 (CDT) for a Zoom® hearing, for which Mr. Diogu could have participated from his local counsel's Nashville office or any of the attorney-witness rooms in the U.S. Courthouse. The other criminal matter is scheduled for March 24, 2023, which presented no conflict at all, as there would have been plenty of time for Mr. Diogu to return to Texas following the March 22 show cause hearing before the scheduled matter on March 24.

---

[3] Just as there is no information about when Mr. Diogu was first aware of the potential conflict, there is no indication that he made any effort to obtain a continuance of either state court matter based on his mandatory appearance in this case. Certainly, if Mr. Diogu had requested and was denied a continuance in either of those matters, that would be important information for this Court to know.

On the morning of the March 22 show cause hearing, Mr. Diogu refiled his emergency motion for a continuance (Docket No. 48) and, for the first time, disclosed another conflict, this one with a scheduled oral argument hearing on a motion for summary judgment in a civil action in Fort Bend County, Texas, also scheduled for March 22 at 11:00 a.m. (CDT). (Docket No. 48-2). This is the most direct conflict, as the scheduled time of the summary judgment hearing is the same time as the scheduled show cause hearing in this Court. Yet, this conflict was not disclosed until the morning of the March 22 show cause hearing despite Mr. Diogu apparently having received notice of this conflict on March 17, 2023, during which interval he took no action to timely request a continuance of the March 22 show cause hearing, if needed.[4] When Mr. Diogu finally did bring this conflict to the Court's attention, he incorrectly described it as a "Felony Criminal setting" in state court. (Docket No. 48 at 1.)

Mr. Diogu also called chambers on the morning of March 22 to inquire whether he might participate in the show cause hearing by telephone.[5] Local Rule 78.01 requires that all motions be in writing. A telephone call to chambers requesting permission to participate telephonically in a hearing does not comply with the Court's local rules and will not be considered.

Because of the importance of the issues before the Court, the Court will afford Mr. Diogu the latitude of rescheduling the show cause hearing and provide him one last opportunity to demonstrate that he understands his obligations as an attorney practicing in this Court. Mr. Diogu is cautioned that he must appear for the rescheduled hearing as required and must otherwise comply with the Federal Rules of Civil Procedure and the standards of professional conduct set

---

[4] Nor is there any indication whether Mr. Diogu made an effort to obtain coverage for or a continuance of the summary judgment hearing in Texas.

[5] The Court wonders how Mr. Diogu could have participated in both the show cause hearing and the summary judgment hearing at the same time.

forth in the Tennessee Rules of Professional Conduct. *See* Tenn. Sup. Ct. Rule 8. *See also* Local Rule 83.01(c)(6) ("The standard of professional conduct of the members of the bar of this Court shall include the current Tennessee Rules of Professional Conduct.").

In summary, the request for "referral back" of this matter to Judge Campbell and/or Chief Judge Crenshaw (Docket No. 47) is DENIED. The show cause hearing for the Court to consider whether Mr. Diogu should remain a member of the bar of this Court is rescheduled for **Wednesday, April 26, 2023, at 11:00 a.m. (CDT),** in Courtroom 3D, Fred D. Thompson U.S. Courthouse, 719 Church Street, Nashville, Tennessee. Mr. Diogu must appear in person and must be prepared to offer evidence, including his testimony under oath, of the circumstances and status of each of the undisclosed matters described in the November 28 Order, as well any other disciplinary actions or other sanctions by any other courts, administrative bodies, or other tribunals against Mr. Diogu that were not disclosed on his application for admission to the bar of this Court.[6] Local counsel for Plaintiffs must also appear for the rescheduled hearing. **Requests to continue this hearing are unlikely to be granted.** Any motion for a continuance must be filed by no later than **April 19, 2023, at 1:00 p.m. (CDT)** and must demonstrate unexpected or unforeseen circumstances, which must be recited in an accompanying declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. A motion to continue that does not satisfy these requirements will not be considered.

The other requested relief in Docket No. 48 is addressed by separate order(s).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[6] To be clear, to the extent he deems it necessary, Mr. Diogu may be represented by counsel at the rescheduled show cause hearing.