IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENCO ENERGY-RICK HENDRIX ENERGY LLC and DR. RICHARD HENDRIX | ) ) ) |
| v. | Case No. 3:22-0603 ) Campbell/Holmes ) |
| POWER RENTAL SOLUTIONS, LLC, f/k/a ERS Rental Solutions, LLC; DISTRIBUTED POWER SOLUTIONS, LLC; RICH FLYNN; SCOTT MILLIGAN; KEN JOHNSON; and ROBERT SAFI | ) ) ) ) ) ) ) |

**O R D E R**

Pending before the Court are two nearly identical motions, both of which are titled, "Attorney Diogu Kalu Diogu's Emergency Motion for Continuance of the March 22nd, 2023 Hearing, Recusal, and Sealing of Document Number 33." (Docket Nos. 47, 48.) These motions were filed by Diogu Kalu Diogu II, lead counsel for Plaintiffs, on behalf of himself.[1] In the motions, Mr. Diogu makes several requests, including that the Court's Order to Show Cause entered on November 28, 2022 (Docket No. 33) be placed under seal.[2] For the reasons that follow,

---

[1] Plaintiffs' local counsel did not sign the motions and represented to the Court, during an in-person proceeding on March 22, 2023, that he was not aware of the existence of the motions until after they were filed by Mr. Diogu.

[2] In the two motions, Mr. Diogu also asks this Court to (1) continue the March 22 show cause hearing; (2) refer the matter "back to the Presiding Judge and Chief Judge of this district"; and (3) for the undersigned to recuse herself. (Docket Nos. 47, 48.) By separate order, the Court rescheduled the March 22 show cause hearing and denied Mr. Diogu's request for this matter to be referred back to a District Judge. An order denying Mr. Diogu's request for recusal is also entered separately.

Mr. Diogu's motions (Docket Nos. 47 and 48)[3] are DENIED with respect to his request to place the Court's November 28 show cause order (Docket No. 33) under seal.[4]

I. Background

Mr. Diogu's emergency motions and request to seal stem from the November 28, 2022 Order to Show Cause, in which the Court stated that it had become aware of information from which it appeared that Mr. Diogu "was the subject of disciplinary proceedings in Texas (the outcome of which is unknown) and has also previously been sanctioned and declared a vexatious litigant in prior litigation." (Docket No. 33 at 1.) This information came to the Court's attention during the pendency of this case following admission of Mr. Diogu to the bar of this Court. In his application, Mr. Diogu stated that he had not been reprimanded, censured, or disciplined by a federal or state court of record, other judicial or quasi-judicial tribunal, or a board of disciplinary authority or similar body. (*Id.*) However, public filings from Mr. Diogu's bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, *In re Diogu Kalu Diogu II*, Bankruptcy Case No. 21-33581 (TXSB), indicated otherwise and suggested that Mr. Diogu failed to disclose pertinent information to this Court when applying for admission. (*Id.*) These public

---

[3] Unless otherwise specified, this Court will cite only to the motion filed at Docket No. 48 for ease of reference.

[4] At the March 22 hearing, the Court indicated that it would deny the motion to seal without prejudice to Mr. Diogu's refiling. However, upon further review of the emergency motion, which includes the requested relief of sealing the November 28 Order, and which was filed after business hours and with limited opportunity for review before the hearing, the Court finds that Mr. Diogu, as a licensed attorney appearing in this Court is properly held to the standards of competency as all other lawyers and that he should have filed the motion to seal in accordance with the Court's local rules and applicable Sixth Circuit law. If Mr. Diogu believes he has a reasonable basis to seal the November 28 Order that comports with Sixth Circuit standards and Fed. R. Civ. P. 11, he may seek review of this order under Fed. R. Civ. P. 72 and Local Rule 72.01.

filings included court orders, judgments, and disciplinary petitions that were filed in or issued by various judicial bodies in the State of Texas (the "Texas proceedings").

On December 19, 2022, Mr. Diogu filed a response to November 28 show cause order. (Docket No. 39.) In this response, Mr. Diogu "apologize[d] for not disclos[ing] the items the court listed in the show cause order" and stated the failure to do so was "unintentional." (*Id.* at 1.) Mr. Diogu also provided information and arguments related to several of the items included in the November 28 show cause order and attached several exhibits. (*Id.*; Docket Nos. 39-1 to 39-10.)

On February 8, 2023, this Court issued an order setting an in-person hearing on March 22, 2023, at 11:00 a.m. (CDT), for the Court to:

> consider whether Mr. Diogu should remain a member of the bar of this Court. Mr. Diogu must appear and be prepared to offer evidence, including his testimony under oath, of the circumstances and status of each of the undisclosed matters described in the November 28 Order, as well as any other disciplinary actions or sanctions by any other courts, administrative bodies, or other tribunals against Mr. Diogu that were not disclosed on his application for admission to the bar of this Court.

(Docket No. 45.)

On March 21, 2023, at approximately 5:30 p.m. (CDT), Mr. Diogu filed his first emergency motion for a continuance and other relief, in which he asked that the March 22 hearing be moved. (Docket No. 47.) He also requested that the Court's November 28 show cause order be sealed. (*Id.*) The next morning, on March 22, 2023, at approximately 10:02 a.m. (CDT), less than one hour before the scheduled hearing, Mr. Diogu filed a second emergency motion to continue and for other relief, including sealing of the November 28 show cause order. (Docket No. 48.) The second motion appears to be identical to the first motion, except that the second motion includes a

corrected certificate of service.[5] The second motion still recites that there are two conflicting criminal settings in state court but refers to three appended exhibits, the additional one of which is not a notice of a third criminal case setting but of a summary judgment hearing in a civil case in state court. (Docket No. 48-2.)

Mr. Diogu's request to seal the November 28 show cause order is based on his contention that the order includes "**RAW, FRIVILOUS** [sic]**, AND UNPROVEN** allegations by the state bar group that has a history of making false accusations against [him] and later withdrawing them." (Docket No. 48 at 1) (emphasis in original). He further states he is "worried about the reputational harm done by the recitation of the **unproven, bullying, and unappealable allegation** by a Bankruptcy Judge contained in the audio" of a bankruptcy court hearing. (*Id*. at 2) (emphasis in original). Mr. Diogu relies on his apparent supposition that resolution of the issues before this Court may somehow be "career-ending." (Docket No. 48 at 2) ("Furthermore, on a personal note, my application to practice before this court should not be career-ending.") He further suggests that to avoid that possible outcome, the "defamatory statements contained in docket number 33 … should be sealed for all purposes." (*Id*. at 3.) Mr. Diogu does not cite to any case law or statutory law to support his request to seal the November 28 show cause order.

## II.     Legal Standards and Analysis

The law in the Sixth Circuit on restricting public access to court proceedings, including case filings, is clear and well-established. As articulated by the Sixth Circuit, "the courts have long recognized … a strong presumption in favor of openness as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown &*

---

[5] Presumably the second motion was filed to address the Clerk's notice of March 22, 2023, that the certificate of service of Mr. Diogu's earlier filing (Docket No. 47) did not conform to the Court's local rules.

*Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)) (cleaned up). The party seeking to seal court records bears the burden of overcoming the presumption. *Id*. (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd Cir. 2001)). "The burden is a heavy one: only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)) (cleaned up).

Additionally, the Sixth Circuit has repeatedly and emphatically directed that, in sealing records, the district court must set forth specific findings and conclusions that justify the restriction on public access. *Id*. (quoting *Brown & Williamson* 710 F.2d at 1179); *Beauchamp v. Federal Home Mortgage Corp.*, 658 F. App'x 202, 207-08 (6th Cir. 2016) (district court orders to seal documents vacated *sua sponte* for lack of findings and conclusions to justify withholding documents from the public); *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (district court erred in failing to make any findings or legal conclusions in support of the seal). For that reason, the proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons – specifically, by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp*, 658 F. App'x at 207 (quoting *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, *supra*). Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statue to be maintained in confidence … is typically enough to over the presumption of [public] access." *Rudd Equipment Co.*, 834 F.3d at 594-95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). These standards are all also incorporated into Local Rule 5.03.

Here, Mr. Diogu's request to seal the November 28 show cause order fails to satisfy the requirements for an appropriate motion to seal, including by failing to provide the kind of detail from which the Court can make the specific and targeted findings and conclusions needed to justify sealing. That failure is fatal to his request.

Additionally, all the information described in the November 28 show cause order is, as noted in that order, already a matter of public record in Mr. Diogu's personal bankruptcy case. That Mr. Diogu apparently made no effort to request that the information be sealed in his bankruptcy proceeding,[6] and that the information has therefore been in the public domain for quite some time, compels a determination that Mr. Diogu cannot demonstrate a basis for sealing the November 28 show cause order.[7]

Finally, the Court finds there is a strong public interest in ensuring the integrity of the federal court system, including by monitoring the conduct of attorneys who practice before this Court. Accordingly, this requires an even heightened showing to overcome the presumption of access, *Shane Group*, 825 F.3d at 305, a showing that Mr. Diogu has failed to make.

### III. Conclusion

For all these reasons, Mr. Diogu's motions (Docket Nos. 47 and 48) are DENIED with respect to his request to place the Court's November 28 show cause order (Docket No. 33) under seal.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[6] Or at least he offers no evidence of any such request.

[7] Also, many of the documents are also orders from other courts, and therefore presumably matters of public record as well. Mr. Diogu offers no evidence to the contrary.