IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HENCO ENERGY-RICK HENDRIX ENERGY LLC and DR. RICHARD HENDRIX<br><br>v.<br><br>POWER RENTAL SOLUTIONS, LLC, f/k/a ERS Rental Solutions, LLC; DISTRIBUTED POWER SOLUTIONS, LLC; RICH FLYNN; SCOTT MILLIGAN; KEN JOHNSON; and ROBERT SAFI | Case No. 3:22-0603<br>Judge Campbell<br>Magistrate Judge Holmes |

## **O R D E R**

On March 23, 2023, Mr. Diogu filed a letter directed to the undersigned Magistrate Judge (Docket No. 51), in which he requests various relief, including the undersigned's recusal, which is also raised in motions filed by Mr. Diogu (Docket Nos. 47 and 48) and therefore addressed by separate order. As to the other relief requested by Mr. Diogu, a letter to the Court is not an appropriate means of requesting relief. Requests for relief must be in the form of a motion. While Mr. Diogu is representing himself in this collateral matter, an attorney proceeding *pro se* is not automatically subject to the leniency ordinarily afforded to *pro se* litigants because an attorney is presumed to have knowledge of the legal system and is less in need of protections from the court. *Johansen v. Presley*, 977 F. Supp. 2d 871, 876-77 (W.D. Tenn. 2013) (internal citations omitted). *See also Hunter v. Hamilton County*, Case No. 1:15-cv-540, 2016 WL 11458137, at *5 (S.D. Ohio May 24, 2016) (same); *Harris v. Ally Financial, Inc.*, Civil No. 2:15-cv-02501-JPM-dkv, 2015 WL 7588263, at *2 (W.D. Tenn. Nov. 25, 2015) (same). For these reasons, Mr. Diogu is presumed to understand the requirements for requesting relief from the Court and the Court therefore declines to take any action on the additional relief requested in Mr. Diogu's March 23 letter.

However, the Court finds it necessary to address Mr. Diogu's statement that he "tentatively" selected the April 26 date for the show cause hearing rescheduled from March 22 and that, unless certain demands are met, he will not attend the April 26 hearing. First, contrary to his description, Mr. Diogu did not select the date of the hearing. He was allowed an opportunity for input on the date of the hearing as a matter of courtesy only. The Court could have – and would have – set the rescheduled show cause hearing without Mr. Diogu's input.[1]

Second, as this Court has previously held, *pro se* parties, even when entitled to some measure of leniency, are not permitted to disregard clearly communicated court orders and litigate on terms of their own choosing. *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016). The Supreme Court has articulated this as a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975). Indeed, "[t]he orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until is reversed by orderly and proper proceedings." *Id*. (quoting *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947)) (cleaned up). Persons who make private determinations of the law and refuse to obey an order generally risk sanctions, even if the order is ultimately ruled incorrect. *Id*. (citing *Howat v. Kansas*, 258 U.S. 181, 189-90 (1922); *Worden v. Searls*, 121 U.S. 14 (1887)).

---

[1] In fact, Mr. Diogu was advised that the Court would reset the hearing without his input if he failed to respond by a designated time.

Here, Mr. Diogu availed himself of the jurisdiction of the Court by applying for admission to the Court's bar and by filing the underlying lawsuit here.[2] He is required to comply with the Court's orders, including the order of March 23, 2023, directing that he appear on April 26, 2023 as instructed. Mr. Diogu's failure to comply will result in sanctions, including any of those authorized by Fed. R. Civ. P. 16(f), applicable statutes and rules – *see e.g.* Local Rule 83.01(c)(1) – and the Court's inherent authority.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] To be clear, the Court is expressing no opinion on whether this Court has jurisdiction over the underlying lawsuit. By signing and filing the complaint, Mr. Diogu has however asserted that this Court has jurisdiction.

3