IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HENCO ENERGY-RICK HENDRIX ENERGY, LLC *et al.* | Case No. 3:22-cv-0603 |
| v. | Judge Campbell |
| POWER RENTAL SOLUTIONS, LLC *et al.* | Magistrate Judge Holmes |

**ORDER TO SHOW CAUSE**

The Court initiates this show cause proceeding pursuant to Fed. R. Civ. P. 11(c)(3) and Local Rule 83.01(c)(1).

**Background**

During the pendency of this case, publicly available information about Mr. Diogu came to the attention of the Court. Following Mr. Diogu's admission to the Court's bar, the Court entered an order, on September 13, 2022 (Docket No. 7), reminding Mr. Diogu of the requirement that he retain local counsel because, although admitted to the Court's bar, he is not admitted to the Tennessee bar. *See* Local Rule 83.01(d)(1) ("Unless counsel appearing on behalf of a party in a civil case is both a member of the Tennessee bar and admitted to the bar of this Court, local co-counsel must be retained."). On September 28, which was the deadline for Mr. Diogu to retain local counsel, he instead filed a motion requesting a waiver of Local Rule 83.01(d)(1).[1] (Docket No. 8.) In consideration of that request, and in furtherance of its inherent authority to monitor and regulate the

---

[1] Mr. Diogu's motion referred to the applicable rule as Local Rule 83.01(5). There is no Rule 83.01(5) in the Court's local rules. The Court gave Mr. Diogu the benefit of the doubt that he was referring to Local Rule 83.01(d)(5). But Local Rule 83.01(d)(5) also did not apply to Mr. Diogu's request for waiver of the local counsel requirement. Instead, Local Rule 83.01(d)(5) provides that, even though local counsel is not otherwise required, the assigned judge may, in her discretion, require association of local counsel for an attorney who resides outside the Middle District of Tennessee – the opposite of what Mr. Diogu was requesting.

conduct of attorneys appearing before it, the Court directed the Clerk of Court to investigate and compile any publicly available information that might assist the Court in determining whether Mr. Diogu should be permitted to proceed without local counsel. From initial review of the publicly available information described below, the Court declined to waive the requirement for Mr. Diogu to retain local counsel.

The Court then took additional time to even more carefully review the available information about Mr. Diogu and determine the most appropriate course of action, which ultimately resulted in the issuance of an Order to Show Cause, on November 28, 2022 (Docket No. 33), for what appeared to be Mr. Diogu's failure to disclose required information in his admission for application to the bar of this Court.[2] In his application for admission to the Court's bar, Mr. Diogu stated that he had not been reprimanded, censured, or disciplined by a federal or state court of record, other judicial or quasi-judicial tribunal, or a board of disciplinary authority or similar body. However, public filings from Mr. Diogu's bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, *In re Diogu Kalu Diogu II*, Bankruptcy Case No. 21-33581 (TXSB), indicated otherwise and suggested that Mr. Diogu failed to disclose pertinent information to this Court when applying for admission. (*Id.*) These public filings included court orders, judgments, and disciplinary petitions that were filed in or issued by various judicial bodies in the State of Texas (the "Texas proceedings"). To allow Mr. Diogu an opportunity to explain why none of the information was disclosed in his application for admission, the Court issued the November 28 show cause order. (*Id.*)

---

[2] In the November 28 show cause order, the Court stated that it had become aware of information from which it appeared that Mr. Diogu "was the subject of disciplinary proceedings in Texas (the outcome of which is unknown) and has also previously been sanctioned and declared a vexatious litigant in prior litigation." (Docket No. 33 at 1.)

On December 19, 2022, Mr. Diogu filed a response to the Order to Show Cause. (Docket No. 39.) In this response, Mr. Diogu "apologize[d] for not disclos[ing] the items the court listed in the show cause order" and stated the failure to do so was "unintentional." (*Id.* at 1.) Mr. Diogu also provided information and arguments related to several of the items included in the Court's Order to Show Cause and attached several exhibits. (*Id.*; Docket Nos. 39-1 to 39-10.)

After review of Mr. Diogu's response, the Court determined that Mr. Diogu should have an opportunity to explain the circumstances of the previously undisclosed matters and give any other reasons for his failure to disclose the information in his admission application. The Court therefore issued an order, on February 8, 2023, setting an in-person hearing on March 22, 2023, at 11:00 a.m. (CDT), for the Court to:

> consider whether Mr. Diogu should remain a member of the bar of this Court. Mr. Diogu must appear and be prepared to offer evidence, including his testimony under oath, of the circumstances and status of each of the undisclosed matters described in the November 28 Order, as well as any other disciplinary actions or sanctions by any other courts, administrative bodies, or other tribunals against Mr. Diogu that were not disclosed on his application for admission to the bar of this Court.

(Docket No. 45.)

## Conduct For Which Cause Must Be Shown That Fed. R. Civ. P. 11 Was Not Violated

On March 21, 2023, at approximately 5:30 p.m. (CDT), Mr. Diogu filed his first emergency motion for a continuance in which he asked that the March 22 hearing be moved, and for other relief. (Docket No. 47.) The stated bases of Mr. Diogu's motion for a continuance were two previously scheduled felony criminal settings in state court that ostensibly conflicted with the March 22 show cause hearing. (*Id.* at 1.) Mr. Diogu appended email notices about the criminal court settings to his motion. (Docket Nos. 47-1 and 47-2.) The next morning, on March 22, 2023, at approximately 10:02 a.m. (CDT), less than one hour before the scheduled hearing, Mr. Diogu filed a second emergency motion to continue. (Docket No. 48.) The second motion appears to be identical to the first motion,

except that the second motion includes a corrected certificate of service.³ The second motion still recited that there were two conflicting criminal settings in state court but referred to three appended exhibits, the additional one of which was not a notice of a third criminal case setting but of a summary judgment hearing in a civil case in state court. (Docket No. 48-2.)

From the exhibits attached to the original motion (Docket No. 47) and the subsequent motion (Docket No. 48), it appears that Mr. Diogu had at least three days, or more, notice of each of the proceedings for which he claims a conflict with the March 22 show cause hearing. Additionally, a careful reading of the emails suggests that they might have been or were reminders of prior settings. The email appended as Exhibit 1 (Docket No. 47-1) appears to be a docket call type notice, for which it is not clear how long the cases have been pending or when notice of the March 22 setting was first given. The email appended as Exhibit 2 (Docket No. 47-2) is a "Docket Reminder," which suggests an earlier setting. Whenever Mr. Diogu first became aware of the conflicting settings, he should have requested relief from either this Court or the state court.

Further, the emails were sent to Mr. Diogu on March 20, 2023, which allowed for the filing of a more timely request for a continuance of the March 22 show cause hearing but which Mr. Diogu failed to do. Moreover, it appears that one of the conflicting matters on March 22 was scheduled for 9:00 (CDT) for a Zoom® hearing, for which Mr. Diogu could have participated from his local counsel's Nashville office or any of the attorney meeting rooms in the U.S. Courthouse. The other criminal matter was scheduled for March 24, 2023, which presented no conflict at all, as there would have been plenty of time for Mr. Diogu to return to Texas following the March 22 show cause hearing before the scheduled matter on March 24.

---

³ Presumably the second motion was filed to address the Clerk's notice to Mr. Diogu, docketed on March 22, 2023, that the certificate of service of Mr. Diogu's earlier filing (Docket No. 47) did not conform to the Court's local rules.

4

The second emergency motion for a continuance (Docket No. 48), which was filed by Mr. Diogu approximately one hour before the scheduled show cause hearing, disclosed for the first time another ostensible conflict, this one with a scheduled oral argument hearing on a motion for summary judgment in a civil action in Fort Bend County, Texas, also scheduled for March 22 at 11:00 a.m. (CDT). (Docket No. 48-2.) This is the most direct conflict, as the scheduled time of the summary judgment hearing was the same time as the scheduled show cause hearing in this Court. Yet, this conflict was not disclosed until the morning of the March 22 show cause hearing despite Mr. Diogu apparently having received notice of this conflict on March 17, 2023, during which interval he took no action to bring this apparent conflict to the Court's attention.[4] When Mr. Diogu finally did advise the Court of the conflicting summary judgment hearing, he incorrectly described it as a "Felony Criminal setting" in state court. (Docket No. 48 at 1.)

Mr. Diogu also called chambers on the morning of March 22 to inquire whether he might participate in the show cause hearing by telephone, which was an improper request and not considered.[5] The Court wonders how Mr. Diogu would have participated in both the show cause hearing in this Court and the summary judgment hearing in Bend County, Texas court at the same time, which raises the question of whether he intended to participate in the proceedings in this case as ordered.

Because of the important issues raised in the Court's November 28 show cause order, the Court determined that resetting the March 22 show cause hearing was appropriate. However, from a

---

[4] Nor is there any indication whether Mr. Diogu attempted to obtain coverage for or a continuance of the summary judgment hearing in Texas.

[5] Local Rule 78.01 requires that all motions be in writing, a requirement with which Mr. Diogu's telephone call to chambers requesting permission to participate telephonically did not comply.

5

review of the motions to continue filed by Mr. Diogu, and the timing of the filings, the Court cannot determine that Mr. Diogu's emergency motions for a continuance were reasonable and were not presented for improper purposes. *See* Fed. R. Civ. P. 11(b); *see also Cooter & Gell v. Hartmax Corp.*, 496 U.S.C. 384, 395 (1990) (district court may enforce Rule 11 even if underlying pleading or motion is no longer pending). Further, the Court is unable to determine from the two motions filed by Mr. Diogu that the factual statements made in those motions as to the requested continuance and the need for emergency relief have evidentiary support.

**Direction to Appear and Show Cause**

Diogu Kalu Diogu, II must therefore appear for a show cause hearing on **Wednesday, April 26, 2023, at 11:00 a.m. (CDT),** in Courtroom 3D, Fred D. Thompson U.S. Courthouse, 719 Church Street, Nashville, Tennessee. Mr. Diogu must appear in person and must be prepared to show evidentiary support, including his testimony under oath, for the statements made in his two emergency motions in support of the requested continuance (Docket Nos. 47 and 48), specifically, that the statements on which the requested continuance was based were made in compliance with Fed. R. Civ. P. 11(b) and that the description of the requested relief as an emergency was made in compliance with Fed. R. Civ. P. 11(b). Such evidence must include, but is not limited to, testimony of when Mr. Diogu first became aware of the conflicting hearings recited in his two motions and evidence of his travel arrangements to appear for the March 22 show cause hearing, such as airline flight confirmation or lodging confirmation. Failure to show cause as directed may result in the imposition of sanctions, including any of those authorized by Fed. R. Civ. P. 11.[6] Local counsel for

---

[6] To be clear, the Court's show cause order and directive extends only to Mr. Diogu's emergency request for a continuance and not to any other of the relief requested in either emergency motion. Further, Mr. Diogu may be represented by counsel at the show cause hearing if he chooses to do so.

Plaintiffs must also appear for the show cause hearing.

**Requests to continue this hearing are unlikely to be granted.** Any motion for a continuance must be filed by no later than **April 19, 2023, at 1:00 p.m. (CDT)** and must demonstrate unexpected or unforeseen circumstances, which must be recited in an accompanying declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. A motion to continue that does not satisfy these requirements will not be considered.

Mr. Diogu is also reminded that his appearance is mandatory. Like all other attorneys and litigants, Mr. Diogu must follow the directives of the Court. He is not permitted to litigate this matter on terms of his own choosing, including by disregarding clearly communicated court orders. *See Maness v. Meyers*, 419 U.S. 449, 458-59 (1975) (articulating "basic proposition that all orders and judgments of courts must be complied with promptly" and holding that "the orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings") (quoting *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947)) (cleaned up); *see also Cunningham v. Enagic USA, Inc.*, No. 3:16-0847, 2016 WL 5415106, at *1 (M.D. Tenn. Sept. 28, 2016) (litigant's *pro se* status "simply does not permit him to disregard clearly communicated orders and permit him to litigate this case on terms of his own choosing") (internal citations omitted).

Failure to follow the Court's orders will have consequences.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge