IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HENCO ENERGY-RICK HENDRIX ENERGY, LLC, et al., | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:22-cv-00603 |
| v. | ) ) | JUDGE CAMPBELL |
| POWER RENTAL SOLUTIONS, LLC, et al., | ) ) ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are two motions to dismiss filed by Defendants Power Rental Solutions, LLC f/k/a ERS Rental Solutions, LLC ("PRS"), Distributed Power Solutions, LLC ("Distributed Power"), Rich Flynn, Scott Milligan, and Ken Johnson (Doc. No. 21) (collectively "Business Partner Defendants") and Defendant Robert Safi (Doc. No. 28). Plaintiffs Henco Energy-Rick Hendrix Energy, LLC ("Henco") and Dr. Richard Hendrix filed a response to each motion. (Doc. Nos. 38, 40). Defendants filed replies. (Doc. Nos. 41, 42).

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The action before the Court arises from a business dispute that began in Texas in or about 2019. (Doc. No. 12-19). The details of the parties' business dealings as articulated in Plaintiffs' Amended Complaint are unclear, but the Court can discern that Plaintiffs were engaged in business dealings with the Business Partner Defendants as well as a third party, Ethos Energy (evidently a

---

[1] The factual background is drawn from Plaintiffs' Amended Complaint. (Doc. No. 11). The Court additionally draws relevant factual and procedural background from the case involving these parties in the 61st Judicial District in Harris County Texas, *PRS v. Henco, LLC*, Case No. 2020-24041, which is referenced in Plaintiffs' Amended Complaint and from which Plaintiffs appear to seek, in part, relief from judgment.

1

domicile of Texas (Doc. No. 11-1)). Those business dealings soured, resulting in a lawsuit in Harris County, Texas, brought by the Business Partner Defendants, represented by Defendant Safi, against Plaintiffs Henco and Dr. Hendrix ("the Texas Action"). That action was resolved in favor of the Business Partner Defendants. Henco and Dr. Hendrix now bring this lawsuit alleging: (1) intentional interference with business relationship; (2) inducement of breach of contract; (3) tortious interference with existing or prospective contract; (4) inducement of breach of fiduciary duty; (5) fraud and fraudulent misrepresentation; (6) detrimental reliance; (7) unjust enrichment; (8) business disparagement; and (9) breach of duty of good faith and fair dealing; and seeking declaratory judgment related to the Texas Action.

## II. LAW AND ANALYSIS

Though Defendants raise several arguments, the Court's analysis begins and ends with the question of venue. Defendants move under Federal Rule of Civil Procedure 12(b)(3) to dismiss this action for improper venue. Venue is appropriate in the judicial district in which the defendants reside, if all defendants reside in the same district, or where the claim arises and personal jurisdiction exists. 28 U.S.C. §1391(b). If a case is filed in an improper forum, a court can transfer the action to a proper forum if it would be in the interest of justice. 28 U.S.C. § 1406. A court may do so even if it lacks personal jurisdiction over one or more of the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). And while courts have discretion to decide whether to dismiss or transfer, "[d]oubts about whether to transfer or dismiss are usually resoled in favor of transfer because the interest of justice generally is better served by transfer." *Delta Media Group, Inc., v. Keep Group, Inc.*, 2007 WL 3232432 (N.D. Ohio 2007) (citing *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558, 562 (S.D. Ohio 1993)).

Plaintiffs state in conclusory fashion that venue is proper in this district because a substantial amount of the acts or omissions giving rise to their claims occurred here. (Doc. No. 11 ¶ 13). This assertion is not supported by the claims in the Amended Complaint. While certain assertions are not entirely clear, the bases of Plaintiffs' alleged injuries are communications between Defendants about Plaintiffs and the conduct of attorney Defendant Safi in the Texas Action. None of the Defendants are domiciles of Tennessee, and none of the allegations in the Amended Complaint connect Defendants' conduct to this district. And although Plaintiffs contend in their response to the motion that the acts complained of occurred in Tennessee, they do not cite to any conduct alleged in the Amended Complaint to have occurred here. Formulaic recitations of the statute without supporting factual allegations are insufficient to show that venue is proper here.

The Court concludes that venue is improper in the Middle District of Tennessee. The parties consent to transfer of this action to an appropriate venue as an alternative to dismissal. (*See* Doc. No. 22 at PageID# 979; Doc. No. 38 at PageID# 1079; Doc. No. 29 at PageID# 1029). Defendants contend that the Southern District of Texas, the federal judicial district in which Harris County, Texas sits, is the appropriate alternative venue. Plaintiffs state that the case should be transferred to the Northern District of Texas but provide no basis for proper venue there. Having considered the relationship of the parties, the allegations in the Amended Complaint, the parties' arguments regarding the proper venue, and the statutory provisions for proper venue, the Court finds that the claims arise from conduct that occurred in the Southern District of Texas and that district is the proper venue for this action.

## III. CONCLUSION

Accordingly, for the reasons stated here, Defendants' Motions to Dismiss (Doc. Nos. 21, 28) are **GRANTED** in part and **DENIED** in part. This case is **TRANSFERRED** to United States District Court for the Southern District of Texas.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE